IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINN AARON KLIEN,              ) | |
|                                 ) | |
|     Plaintiff,              ) | |
| v.                              ) | Case No. CIV-12-1292-HE |
|                                 ) | |
| H.A. RIOS, et al.,              ) | |
|                                 ) | |
|     Defendants.            ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this civil rights action under 42 U.S.C. §1983, alleging violations of his constitutional rights. United States District Judge Joe Heaton has referred this action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350.00 filing fee before being allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not preclude the filing of a civil action by a prisoner with "three strikes," but it eliminates the privilege of proceeding *in forma pauperis* unless the prisoner demonstrates the "imminent danger of serious physical injury" exception. If the

"imminent danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records, Plaintiff has on three or more prior occasions, while incarcerated or detained in any facility, brought actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Such a dismissal is counted as a "strike" pursuant to 28 U.S.C. § 1915(g) after a plaintiff has exhausted or waived his appeals. *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176-1177 (10th Cir. 2011). The dismissal should not count as a strike against a plaintiff "until he has exhausted or waived his appeals." *Hafed*, 635 F.3d at 1176. Specifically, a strike should count against Plaintiff "from the date when his time to file a direct appeal expire[s]." *Id.* Or, if Plaintiff timely files a direct appeal, the strike should count against him "from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if [Plaintiff] file[s] one, or from the date when the time to file a petition for writ of certiorari expire[s], if he d[oes] not." *Id.* The prior occasions are as follows.

In *Klein v. Chester*, No. CIV-12-33-HE, Judge Heaton adopted the Report and Recommendation of Magistrate Judge Gary M. Purcell, and dismissed Plaintiff's action for failure to state a claim; Judge Heaton advised Plaintiff that the dismissal would ripen into a strike as soon as the time to appeal had expired or the court of appeals affirmed the dismissal) (W.D. Okla. June 14, 2012) (Heaton, J). The docket sheet for this case shows that Plaintiff did not appeal, and the time for doing so under Rule 4 of the

Federal Rules of Appellate Procedure has expired. Thus, this dismissal counts as a prior occasion under 28 U.S.C. § 1915(g) and *Hafed*, 635 F.3d at 1176-1177.

In *Klein v. Anderson*, Case No. CIV-12-464-HE, Judge Heaton adopted the Report and Recommendation of Magistrate Judge Gary Purcell, and dismissed the action for failure to state a claim. *Klein v. Anderson,* No. CIV-12-464 (W.D. Okla. June 21, 2012 (Heaton, J.). Judge Heaton advised Plaintiff that the dismissal would ripen into a strike as soon as the time to appeal the order expired. *Id.* The docket sheet for this case shows that Plaintiff did not appeal the dismissal, and the time for doing so has expired. Thus, this strike also counts as a strike under the PLRA.[1]

In *Klein v. Gatlin*, Case No. CIV-98-149-MB, United States District Court for the Eastern District of Oklahoma, Judge Michael Burrage dismissed a civil rights complaint filed by Plaintiff. Although a copy of the order itself is not available, the electronic docket sheet for that case shows that the action was dismissed with prejudice, and the Clerk of Court was directed to "flag the dismissal as a prior occasion." *Klein v. Gatlin*, No. CIV-98-149-MB (E.D. Okla. Apr. 13, 1998) (Burrage, J.) [Doc. No. 3]. The docket sheet reflects that no appeal was filed, and the time for doing so has long passed.

It is clear from the above records that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding *in forma pauperis* in this action unless the exception set forth in the statute applies. In his Complaint, Plaintiff has not alleged that

---

[1] The undersigned notes that Plaintiff filed an appeal in this case, but he did not file an appeal from the dismissal; instead, he appealed Magistrate Judge Purcell's denial of his motion for appointment of counsel. The Tenth Circuit dismissed the appeal for lack of jurisdiction. *Klein v. Anderson*, No. 12-6125 (10th Cir. May 21, 2012).

3

he is presently in danger of serious physical injury. Because Plaintiff has not demonstrated that he is in imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Thus, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied and the action be dismissed unless the filing fee is paid.[2]

## **RECOMMENDATION**

For the reasons set forth above, the undersigned's order granting leave to proceed *in forma pauperis* [Doc. No. 8] is hereby vacated, and it is recommended that Plaintiff's motion for leave to proceed in forma pauperis [Doc. No. 2] be **DENIED,** and that the action be **DISMISSED** without prejudice unless Plaintiff pays the $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 14, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950

---

[2] The undersigned also notes that Plaintiff has a pattern and practice of bringing civil actions in this Court, only to voluntarily dismiss them after significant time and effort has been expended by the Court and the parties. *See Klein v. Whetsel,* No. Civ. 05-1494-T; *Klein v. Victorian*, No. CIV-12-565-HE; *Klein v. Keefe Inc.*, No. CIV-12-142-HE; *Klein v. GEO,* No. CIV-12-124-HE; *Klein v. Lincoln County Dist. Ct.*, No. CIV-05-838-T. Plaintiff has perhaps done so in an effort to avoid the "three strikes" rule in the PLRA. In any event, aside from the PLRA strikes provision, a court has discretion to impose filing restrictions where a litigant continues to abuse his right to seek legal redress. *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances"). Plaintiff is hereby cautioned that continuation of this practice could lead to the imposition of such filing restrictions.

F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter unless and until the filing fee is paid and the matter is re-referred.

**ENTERED** on December 28, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE